IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CRAIG MICKENS, *et al.*, <br>     Plaintiffs, <br> <br> v. <br> <br> STEVEN CLEAR, *et al.*, <br>     Defendants. | ) <br> ) <br> )   Civil Action No. 7:19-cv-00052 <br> ) <br> )   By: Elizabeth K. Dillon <br> )       United States District Judge <br> ) |

MEMORANDUM OPINION

Plaintiffs, thirteen Virginia inmates proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 challenging actions taken by defendants at the Southwest Virginia Regional Jail in Haysi ("SWVRJ-Haysi"), where plaintiffs were confined at the time of the challenged actions. In their complaint, plaintiffs allege that on January 17, 2019, defendant C/O Corporal Patterson announced that everyone in Pod 2B, which is an "open dorm," was going to be moved "because he had been having problems with the dorm" and "he wanted to" move them. They allege that the pod they were in was a "low level A custody" dorm and that the transfer resulted in them being in a higher custody dorm. This housing change meant that, instead of being out all day, they were on lockdown twenty hours per day and allowed out only four hours each day. The move also took away plaintiffs' good conduct time and/or the ability to earn it. (Compl. 3, Dkt. No. 1.)

In a section titled "legal claims," the complaint references violations of due process and "collective punishment" violating the Eighth Amendment. It also alleges "racial discrimination under the Eighth and Fourteenth Amendments to the United States Constitution." Plaintiffs seek damages and declaratory and injunctive relief. (*Id.* at 3–4.) All of the named plaintiffs signed the complaint.

The court conditionally filed the action and assessed a filing fee against each plaintiff, directing each plaintiff either to pay the filing fee or to comply with certain requirements to request to proceed *in forma pauperis*. *See Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004) (explaining that when multiple prisoner plaintiffs proceed in a single suit, each must pay the full filing fee); *see also* 28 U.S.C. § 1915(b)(1). The court's order warned each plaintiff that a failure to comply with its directions could result in the dismissal of the plaintiff's case without prejudice. (Dkt. No. 3.)

Since that time, nine of the plaintiffs have failed to file the requested forms, and the court dismissed their claims without prejudice, terminating them from this case. (Dkt. Nos. 34–42.) Of the remaining four plaintiffs, three of them (Terry Kiser, Bobby Vandyke, and Charles Mickens) failed to file a consent-to-fee form as ordered. (Dkt. No. 21 (ordering the filing of a consent-to-fee form by Kiser); Dkt. No 30 (same as to Vandyke); Dkt. No. 33 (same as to Mickens).) Their claims will therefore be dismissed without prejudice, and they will be stricken from the active docket of the court. Each of those plaintiffs may refile his claims in a separate action once he is prepared to comply with the noted conditions. In light of those dismissals, the only remaining plaintiff is Robert Shrader.

Turning to the pending motions in this case, two of them were filed by now-dismissed plaintiffs. The first is a motion to amend or correct the complaint, filed and signed only by Mickens (Dkt. No. 15), in which he seeks to add a retaliation claim. The second is a motion for this case to be deemed a class action, filed and signed only by Jackson (Dkt. No. 19). Because neither Mickens nor Jackson complied with the filing requirements to be a part of this action and have now been dismissed from this case, those motions (Dkt. Nos. 15, 19) will be denied as moot. Moreover, no *pro se prisoner* plaintiff can prosecute a case on behalf of another plaintiff,

*see Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975), and so all plaintiffs must sign any filing submitted to the court. Thus, the court cannot consider Jackson's motion to amend as having been filed on behalf of any other plaintiff. Nor can this case go forward as a class action. *Pro se* plaintiffs may not represent one another, and *pro se* class actions are not permissible. *Id.*

The only other pending motion was filed by Shrader, who is the sole remaining plaintiff. In that motion (Dkt. No. 32), Shrader seeks a preliminary injunction. The entirety of his motion states:

> I . . . am writing in concern of my situation at this time. Since I've filed [this case], I've experienced a change in the way [I'm] being treated. I don't feel safe at this facility any longer. Could you please address Steven Clear[1] of this matter. I'm not trying to get injured and don't want any trouble while this case takes place. I just want to be treated fair.

(Dkt. No. 32 at 1.)

Preliminary injunctive relief is an "extraordinary" remedy that courts should grant only "sparingly." *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). The party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014). The remedy may be granted only on a "clear showing" of entitlement to relief. *Winter*, 555 U.S. at 22.

The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a clear showing that the plaintiff will suffer imminent, irreparable harm, the

---

[1] Steven Clear is the first named defendant, and he is identified in the complaint as the "Superintendent/Director" of SWVRJ-Haysi.

3

court cannot grant preliminary injunctive relief.  *See Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (explaining that a "possibility" of irreparable harm is insufficient to satisfy the movant's burden).

Shrader has not demonstrated that he is likely to suffer "actual and imminent" irreparable harm in the absence of the preliminary injunctive relief he seeks.  Instead, his motion references a vague concern that he might be injured and an assertion that he does not "feel safe."  Such speculative allegations of possible harm do not come close to a "clear showing" that he will suffer irreparable harm and so do not warrant preliminary injunctive relief.  Accordingly, the court will deny Shrader's motion for a preliminary injunction.

An appropriate order will be entered.

Entered: September 20, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge